GmmUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DWAYNE BOUDREAUX** | **CIVIL ACTION NO. 3:13CV2515 SEC P** |
| **VERSUS** | **JUDGE WALTER** |
| **LARRY G COX, ET AL** | **MAGISTRATE JUDGE HAYES** |

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion For Summary Judgment filed by Defendants Larry Cox and Major Johnson. [doc. # 18]. For the reasons stated below, **IT IS RECOMMENDED** that Defendants' Motion be **GRANTED**, and that Plaintiff's Complaint, [doc. # 1], be **DISMISSED without prejudice for failure to exhaust administrative remedies**, but **DISMISSED with prejudice** for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C.A. § 1915.

<u>Background</u>

On August 20, 2013, *pro se* Plaintiff Dwayne Boudreaux, a prisoner at the Madison Parish Detention Center ("MPDC") proceeding *in forma pauperis*, filed the instant civil rights Complaint pursuant to 42 U.S.C. § 1983. [doc. # 1]. Plaintiff alleges that Defendants violated his right to free exercise of religion when they refused to give him a religious book that his mother mailed him. [doc. # 1, p. 3]. Plaintiff alleges specifically:

> On or approximately July 9, 2013, the [MPDC] mail department [] returned a religious book (The Qabalah) back to the 'Barnes and Noble' book store which my mother had paid to have sent to me. . . . So my mother called the [MPDC] to inquire about why I haven't received my book, and she was informed that my religious book was returned because it did not have Attn: Major Johnson on the envelope. So a few weeks later my mother went back to the Barnes and Noble book store to purchase another religious book for me (Buddhist Bible), but this time, she had the book store [] put Attn: Major Johnson for Dwayne Boudreaux on the envelope along with the rest of the address just as she was instructed to do. So on August 7, 2013, the

> [MPDC] mail department [] received my religious book and refused it, and sent it back once again, without ever [giving] me a reasonable explanation why I was being denied my reading material and/or to practice my religion.

*Id.* Plaintiff seeks $20,000 in damages and transfer to a "'Louisiana State' owned and operated prison." *Id.* at 4.

On March 18, 2014, Defendants filed the instant Motion for Summary Judgment. [doc. # 18]. Defendants first argue that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies prior to filing suit. [doc. # 18-2, p. 3]. Defendants argue that Plaintiff "never moved past the first step of the three-step" administrative remedy process. *Id.* at 4. Defendants also argue that they are entitled to summary judgment because "Plaintiff fails to prove the essential elements of a claim for a violation of free exercise rights." *Id.*

Plaintiff, in response, does not address the exhaustion issue and argues only that he Defendants denied him access to his religious books even though he fully complied with MPDC's Offender Mail Policy. [doc. # 20].

The matter is now before the Court.

## Law and Analysis

A. Summary Judgment Standard

Summary judgment is appropriate if the evidence before a court shows "that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Tex. St. Bd. of Dental Exam'rs*, 204 F.3d 629, 633

(5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

Substantive law determines what facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 177 F.3d 351, 361 (5th Cir. 1999). However, this is only so when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In the absence of proof, a court does not "assume that the nonmoving party could or would prove the necessary facts." *Id.*

B. <u>Failure to Exhaust Administrative Remedies</u>

The undisputed facts show that Plaintiff has failed to exhaust his available administrative remedies. The evidence—or the absence of evidence—demonstrates that Plaintiff never proceeded past the first step of MPDC's three-step Administrative Remedy Procedure ("ARP").

Exhaustion is a necessary prerequisite to filing suit in this Court. The Prison Litigation Reform Act of 1995 provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). All available remedies must be exhausted whether speedy and effective or not. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter, supra* (citation omitted). Exhaustion is an affirmative defense; thus, the burden is on a defendant to establish that a plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Here, Defendants present evidence showing that there is a three-step ARP that inmates at MPDC must use to resolve complaints. [doc. # 18-4]. Plaintiff does not deny that this grievance process exists. [doc. # 1, p. 2]. In fact, Plaintiff alleges in his Complaint that he used the process to file the instant Complaint. *Id.*

Under MPDC's ARP, an inmate's grievance must first be deposited in a collection box for delivery to the Warden. [doc. # 18-4, p. 5]. The Warden's office will then let the offender know if his grievance is being processed or if it was rejected. *Id.* Pursuant to "Step Two," an inmate must next request a review by the Warden. *Id.* Finally, pursuant to "Step Three," if an offender is still not satisfied with the results of the review, he must appeal to the Sheriff. *Id.* The ARP cautions: "IF AN OFFENDER DOES NOT TIMELY FOLLOW EACH STEP OF THE

PROCEDURE, HE MAY BE BARRED FROM LATER BRINGING HIS GRIEVANCE TO COURT." *Id.* at 2.

It is undisputed that Plaintiff has failed to exhaust all three steps of the ARP. In support of their Motion, Defendants attach Plaintiff's deposition wherein Plaintiff essentially avers that he filed only one grievance. [doc. # 18-3, p. 4-5]. At the deposition, defense counsel asked Plaintiff, "So basically what we have here is one grievance that you say you've completed and sent in with no response back?" *Id.* at 5. Plaintiff responded: "Yes, sir. First the request form and then a grievance, yes, sir." *Id.* This testimony indicates that Plaintiff never proceeded past Step One of the ARP. While that testimony indicates that Plaintiff did not proceed to Step Two of the ARP, Plaintiff's additional statement that he "never wrote to the sheriff" clearly establishes that Plaintiff never proceeded to Step Three of the ARP. *Id.*

Plaintiff, in response to Defendants' properly supported Motion for Summary Judgment, fails to come forward with competent summary judgment evidence to demonstrate that he exhausted the second and third steps of the ARP.[1] Under these circumstances, the Court is compelled to find that there is no genuine dispute as to any material fact, that Defendants are entitled to judgment as a matter of law, and that Plaintiff's claims should be dismissed.[2]

---

[1] In his deposition, Plaintiff stated that no individual at MPDC answered his initial grievance. [doc. # 18-3, p. 4-5]. In this respect, the Court points out that conclusory assertions that a prisoner filed grievances that were not answered are insufficient to evade the exhaustion requirement. *See Kidd v. Livingston*, 463 Fed. App'x. 311, 313 (5th Cir. 2012) (conclusory assertion that prison officials never returned a processed grievance form did not create a genuine dispute as to plaintiff's exhaustion of his grievance); *Willich v. Brownlow*, 2010 WL 297844, at *6 (E.D. Tex. January 19, 2010) (rejecting conclusory allegation of inability to exhaust).

[2] Because the Court finds that Plaintiff has failed to exhaust his administrative remedies, the Court need not reach the merits of his claim. *See Marshall v. Price*, 239 F.3d 365 (5th Cir. 2000) (declining to reach the merits of an inmate's Section 1983 claims after finding that he

Although dismissal for failure to exhaust administrative remedies is typically without prejudice,³ the Court is authorized to dismiss Plaintiff's Complaint with prejudice with respect to his right to re-file the Complaint *in forma pauperis* ("IFP"):

> By choosing to file and pursue his suit prior to exhausting administrative remedies as required, [plaintiff] sought relief to which he was not entitled–that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures. We therefore affirm the district court's order dismissing [plaintiff's] action with prejudice for purposes of proceeding IFP.

*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

The foregoing approach is appropriate here. Accordingly, if Plaintiff exhausts his administrative remedies with respect to the claim raised herein, he may present these claims again, but may not proceed *in forma pauperis* to do so.⁴

## Conclusion

For the above-stated reasons, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment, [doc. # 18], be **GRANTED**, and that the Complaint, [doc. # 1], be **DISMISSED without prejudice for failure to exhaust administrative remedies**, **but**

---

failed to exhaust his administrative remedies); *Hamer v. Jones*, 2010 WL 4569963, at *6 (S.D. Tex. 2010) ("Because the issue of exhaustion is dispositive, the Court declines to reach the defendants' remaining arguments.").

³ *See, e.g., Cooper v. Quarterman*, 342 Fed. App'x. 12, 13 (5th Cir. 2009).

⁴ Of course, administrative exhaustion requires "proper" exhaustion, i.e., compliance with deadlines and other critical procedural rules. *Woodford, supra*. At this point, Plaintiff's delay may foreclose his ability to properly exhaust available administrative remedies. [*See* doc. 18-4, p. 2 ("IF AN OFFENDER DOES NOT TIMELY FOLLOW EACH STEP OF THE PROCEDURE, HE MAY BE BARRED FROM LATER BRINGING HIS GRIEVANCE TO COURT.")].

**DISMISSED with prejudice** for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 14th day of April, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE